399 S.E.2d 469

**Colene C. McCORMICK**

v.

**Vondon Ray McCORMICK, Jr., et al.**

**No. 19484.**

Supreme Court of Appeals of
West Virginia.

Nov. 29, 1990.

James M. Cagle, Charleston, for Colene C. McCormick.

R. Joseph Zak, Charleston, for Vondon Ray McCormick, Jr.

Dina Mohler, Kay, Casto, Chaney, Love & Wise, Charleston, for Robert C. Sweazy and Mark Enterprises, Inc.

NEELY, Chief Justice:

This is an appeal from the Circuit Court of Kanawha County's dismissal of a declaratory judgment action brought by a divorcing spouse to determine the validity of two business contracts to which her husband is a party. Mrs. Colene McCormick has a divorce proceeding pending against her husband, in which an issue is the value of her husband's stock in Mark Enterprises, Inc., a corporation that owns and operates Burger King franchises.

If the contracts are valid and construed as her husband currently would have them construed, the value of his interest in the corporation is limited to $150,000. If the contracts are invalid, the value of his interest could greatly exceed $150,000. Mrs. McCormick, understandably, would like to have the contracts declared invalid, but the circuit court dismissed her declaratory judgment action on the ground that the same issues [i.e. issues concerning the valuation of the stock] were pending in the divorce proceeding.

In 1987, Mrs. McCormick brought a divorce action against her husband, Vondon

Ray McCormick. The largest marital asset is Mr. McCormick's interest in Mark Enterprises, Inc. On Mr. McCormick's disclosure of assets and liabilities form, he listed the value of his interest in Mark Enterprises, Inc. as $150,000. This figure is the result of an agreement made on 7 March 1983 between Mr. McCormick and Mark Enterprises, Inc., providing that Mr. McCormick will sell, and Mark Enterprises will buy, Mr. McCormick's shares for $150,000 upon Mr. McCormick's withdrawal from the corporation.[1]

However, Mr. McCormick has not always believed that the buy-sell agreement limits the value of his stock in Mark Enterprises, Inc. On a financial statement filed with the Charleston National Bank, and dated 30 September 1987, *after he made the buy-sell agreement,* Mr. McCormick listed the value of his interest in Mark Enterprises, Inc. as $1,000,000.

The value of Mrs. McCormick's equitable interest in her husband's stock depends on the validity of the agreement. Understandably, Mrs. McCormick wants to have the buy-sell agreement declared invalid, so that the shares may be valued in the divorce proceeding at their fair market value. Thus, Mrs. McCormick brought a declaratory judgment action to invalidate the buy-sell agreement and voting trust agreement, and named all the parties to the agreements, i.e., Mr. McCormick, Mr. Sweazy, and Mark Enterprises, Inc.

I

The Kanawha County Circuit Court certainly has jurisdiction to entertain the declaratory judgment action. *W.Va.Code,* 55–13–1 [1941], provides:

Courts of record within their respective jurisdictions shall have power *to declare rights, status and other legal relations* whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect: and such declarations shall have the force and effect of a final judgment or decree. [Emphasis added].

Mrs. McCormick, who by virtue of the marriage relationship arguably holds an inchoate equitable interest in the stock listed in her husband's name, is entitled, under *W.Va.Code,* 55–13–2 [1941], to bring a declaratory judgment action to determine the validity or construction of the buy-sell agreement or the voting trust agreement because:

Any person interested under a deed, will, written contract, or other writings constituting a contract, *or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise,* may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder. [Emphasis added].

Appellees Mr. Sweazy and Mark Enterprises, Inc. tell us that there is no need to litigate the validity of the contracts because the value placed on the stock by agreements is not binding for equitable distribution purposes. Syl. Pt. 2 of *Bettinger v. Bettinger,* 183 W.Va. 528, 396 S.E.2d 709 (1990) does, indeed, state:

A buy-sell agreement in a closely held corporation setting the stock value for equitable distribution purposes should not be considered as binding, but rather should be weighed along with other factors in making a determination as to the value of such stock.

However, a valuation of the stock, without a binding determination of the validity of contracts directly affecting the value, would be useless. If the stock is valued, for equitable distribution, at $150,000, with an implied finding that the buy-sell agree-

---

1. The other agreement challenged by Ms. McCormick in the declaratory judgment action was a voting trust agreement made between Mr. McCormick and Mr. Sweazy on 2 May 1983, whereby Mr. McCormick, who owns fifty per- cent of the stock of Mark Enterprises, Inc., made Mr. Sweazy, who owns the other fifty percent, voting trustee of ten percent of Mr. McCormick's stock. The agreement gives Mr. Sweazy control of the corporation.

ment is valid, Mrs. McCormick would receive her share of marital assets based on that valuation. Depending on whether Mrs. McCormick takes the stock itself as part of her share of the marital assets, Mr. McCormick could later challenge or circumvent the provision of the buy-sell agreement which he now claims limits the value of his stock to $150,000 to short-change Mrs. McCormick.[2]

Conversely, it is possible that the stock would be valued in the divorce proceeding at far greater than $150,000, and, depending again on whether Mrs. McCormick receives stock in hand, or receives cash or a stream of income in lieu of the stock, Mr. McCormick could be caught in an uncomfortable squeeze between what he has to pay Ms. McCormick and what his stock is actually worth.

## II

The validity of the challenged agreements should be decided now in this declaratory judgment action, in which the necessary parties to the challenged agreements have already been joined.[3]

The family law master currently handling the McCormicks' divorce not only lacks subject matter jurisdiction to decide the validity of the challenged agreements, but he also lacks in personam jurisdiction

over Mr. Sweazy and Mark Enterprises, Inc., both of whom are necessary parties to any adjudication of the agreements' validity. *W.Va.Code*, 48A–4–1 [1990], which sets out the matters that a family law master can address, could never, by any stretch of the imagination, be construed to give family law masters the authority to determinate the validity of contracts alleged to be invalid, made with persons other than the divorcing parties. A determination of the validity of agreements between divorcing spouses and third parties by a family law master is like a sign on your front lawn advertising, "Trespassers Will Be Beheaded!." It may be interesting but it is not instructive.

For the reasons stated above, the Circuit Court of Kanawha County's dismissal of the declaratory judgment action is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.

---

**2.** Other provisions of the challenged buy-sell agreement could be construed to allow Mr. McCormick to sell his stock to a third party for book value, with the corporation having a right of first refusal.

**3.** The possibility that Mrs. McCormick might find an adequate remedy outside of this declaratory judgment action does not mean the declaratory judgment action cannot be brought. Rule 57, *W.Va.Rules of Civ.Proc.*, provides:
The procedure for obtaining a declaratory judgment pursuant to the West Virginia Uniform Declaratory Judgments Act, Code chapter 55, article 13 [§ 55–13–1 et seq.], shall be in accordance with these rules, and the right

to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. *The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.* A party may demand declaratory relief or coercive relief or both in one action. Further relief based on a declaratory judgment may be granted in the declaratory action or upon petition to any court in which the declaratory action might have been instituted. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar. [Emphasis added].